1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   | 1430 Q St. Investors LLC,                    | No. 2:21-cv-01293-KJM-AC |

12   |                          Plaintiff,           | ORDER |

13   |        v.                                     | |

14   | Marcus War,                                   | |

15   |                          Defendants.          | |

16

17

18       Defendant Marcus War removed this action from the Superior Court of the State of

19   California for Sacramento County.  Rem. Not., ECF No. 1.  Defendant also filed a motion for

20   leave to proceed in forma pauperis (IFP).  Pet., ECF No. 2.  Defendant's motion to proceed IFP is

21   **granted** but having reviewed defendant's notice of removal and found no subject matter

22   jurisdiction over this action, the court sua sponte **remands** the action to state court.

23       A party may be granted leave to proceed IFP after filing an affidavit demonstrating an

24   inability to pay the filing fee.  28 U.S.C. § 1915(a)(1); *see Rodriguez v. Cook*, 169 F.3d 1176,

25   1177 (9th Cir. 1999).  In his application, defendant states his take-home salary is approximately

26   $900 a week, he owns no real estate property, stock, or other asset beyond his weekly income,

27   and his bills are nearly equal to his monthly income.  The court finds he has demonstrated an

28   inability to pay the filing fee.

1

1    However, a complaint filed by a person proceeding IFP is subject to a mandatory and sua

2    sponte review and dismissal by the court if the complaint is frivolous or fails to state a claim upon

3    which relief may be granted, among other conditions.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

4    *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).  Additionally, a federal court has an independent duty to

5    assess whether federal subject matter jurisdiction exists.  *United Investors Life Ins. Co. v. Waddell*

6    *& Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  "If at any time before final judgment it appears

7    that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.

8    § 1447(c).

9    There are two primary bases for federal subject matter jurisdiction: (1) federal question

10   jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

11   District courts have federal question jurisdiction over "all civil actions arising under the

12   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the longstanding

13   well-pleaded complaint rule, a suit "arises under" federal law "only when a federal question is

14   presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*,

15   482 U.S. 386, 392 (1987).  To invoke federal question jurisdiction, a complaint must establish

16   "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief

17   necessarily depends on resolution of a substantial question of federal law."  *Williston Basin*

18   *Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100

19   (9th Cir. 2008) (citation omitted).  Federal question jurisdiction cannot rest upon an actual or

20   anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

21   Alternatively, a federal court has diversity jurisdiction over an action involving citizens of

22   different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "The

23   burden of establishing federal jurisdiction is upon the party seeking removal, and the removal

24   statute is strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.,* 846 F.2d

25   1190, 1195 (9th Cir. 1988) (internal citation omitted).

26   The exact allegations are unclear from the face of the petition here, but it appears the

27   complaint attempts to set forth an unlawful detainer claim, which sounds clearly and exclusively

28   in state law.  Compl. at 1, ECF No. 1 (complaint is entitled "Complaint-Unlawful Detainer");

2

1   Civil Cover Sheet at 1–2 (selecting "rent lease and ejectment" box under nature of suit),

2   ECF No. 1-1.  On the civil cover sheet, defendant cites a prolix list of statutes but nowhere in his

3   petition does he provide a reasonable explanation of how all of those statutes support his claim.

4   Civil Cover Sheet at 1.  He also attaches as an exhibit a publication that appears to come from the

5   Centers for Disease Control and Prevention.  Rem. Not. Ex. B, ECF No. 1.  Defendant thus does

6   not carry his burden and therefore the court must find it lacks federal-question jurisdiction.

7   *See Caterpillar*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is

8   governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

9   only when a federal question is presented on the face of plaintiff's properly pleaded complaint.");

10   *see also PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-01264, 2015 WL 3866892, at *4 (N.D. Cal.

11   June 22, 2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the

12   court lacks federal-question jurisdiction.") (collecting cases).

13           Further, as a California citizen, defendant cannot remove this case on the basis of diversity

14   jurisdiction.  Civil Cover Sheet at 1 (defendant is a "citizen of this state); *see also* 28 U.S.C.

15   § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the

16   parties in interest properly joined and served as defendants is a citizen of the State in which such

17   action is brought"); *Spencer v. U.S. Dist. Ct.,* 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear

18   that the presence of a local defendant at the time removal is sought bars removal.").

19           Defendant has not adequately established a basis for the court's subject matter jurisdiction

20   and the court must therefore remand the case.  *See* 28 U.S.C. § 1447(c).

21           This order resolves ECF Nos. 1 & 2.  This case is **remanded.**

22           IT IS SO ORDERED.

23    DATED:  October 14, 2021.

24                                                        _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE
25